## LIMITATION IN TIME AS TO PROSECUTIONS FOR MISDEMEANOR.

Common Pleas Court of Licking County.

STATE OF OHIO V. FLOYD NORRIS.

Decided, April Term, 1912.  ·

*Criminal Law—Construction of Section 12381—As to when the Bar of
the Statute Falls as to Prosecutions for Misdemeanors.*

The bar of the statute, limiting the prosecution of misdemeanors to
three years from the date of the offense, is prevented from falling
where ·a preliminary hearing has been had within the three year
period, and a motion to quash an indictment will not lie on the
ground that it was not returned until more than three years af-
ter the commission of the offense alleged.

*Phil. B. Smythe,* Prosecuting Attorney, for plaintiff.
*B. G. Smythe,* contra.

·SEWARD, J. (orally).

A question was raised in this case under Section 12381, that
the prosecution of the defendant was barred by the statute of
limitations—under the three-year provision of the statute.  To

my very great suprise I found this provision in the statute was enacted in about 1845, and it is now substantially as it was then, and it has never been construed or gone before any court at any time as far as I am able to determine. It was amended, but substantially the same provision has been in the statute for a great number of years. It reads as follows:

"A person shall not be indicted or criminally prosecuted for a misdeameanor, the prosecution of which is not specially limited by law, unless such indictment is found, or prosecution commenced, within three years from the time such misdemeanor was committed."

This indictment was not found within three years from the time the offense was committed, but the defendant was arrested and taken before some officer—either a justice of the peace or the mayor—and was bound over to this court before the expiration of the three years. The question is whether that is a prosecution which saves it from being barred by the statute of limitations.

Suppose that the prosecuting witness had not learned who the person was who committed the offense until just shortly before the three years had expired; that he knew that there was an offense committed, but did not know who committed it; and just before the three years had expired, he should ascertain who committed it and had arrested him under an affidavit filed before the mayor or the justice of the peace, and he was taken before that officer and had a trial, or hearing, and was bound over to the common pleas court; the common pleas court or the grand jury did not meet until after the three-year term had expired, would that be barred by this section of the statute?

The court thinks that the preliminary hearing is a prosecution that would save it from being barred by the statute of limitations. A motion to quash may be considered as filed, and it will be overruled with exceptions.